UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROY WALLACE,                       :
      Petitioner,             :     NO. 1:07-cv-00406
                                :
                                :     **OPINION AND ORDER**
  v.                               :
                                :
                                :
ERNIE MOORE,                       :
      Respondent.             :
                                :
                                :

This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Petitioner's habeas corpus petition and request for abeyance be DENIED (doc. 18), and Petitioner's objections thereto (doc. 23). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

Petitioner, after a trial to the court in Hamilton County, Ohio, was convicted of one count of murder in violation of Ohio Rev. Code § 2903.02(B), and one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1), and on March 28, 2005, was sentenced to consecutive terms of fifteen years to life on the murder conviction and nine years on the aggravated robbery conviction (doc. 10). Petitioner filed a timely appeal to the First District Court of Appeals, and on May 31, 2006, his conviction was affirmed (Id.). On August 10, 2006, Petitioner filed a pro se motion to reopen his direct appeal pursuant to Ohio App. R. 26(B) in the First District Court of Appeals, which was

denied as barred by res judicata (Id.).  Then on September 5, 2006,

Petitioner filed a pro se motion for delayed appeal to the Supreme

Court of Ohio, which was denied on October 5, 2006 (Id.).

Thereafter, on August 20, 2007, Petitioner brought this

amended habeas corpus action, pursuant to 28 U.S.C. §2254, to

obtain relief from the sentence of incarceration he is currently

serving (doc. 7).  He asserted four grounds for relief:

> GROUND ONE: Denied effective assistance of trial and
> appellate counsels where the error was obvious and part
> of the record to be raised on direct appeal.
>
> GROUND TWO: Defendant/appellant was denied effective
> assistance of appellate counsel under the sixth and
> fourteenth amendment where appellate counsel failed to
> raise the issue that trial court erred where it failed to
> comply with Ohio Revised Code section 2923.03(E) which
> the defendant did not violate.
>
> GROUND THREE: Denied effective assistance of appellate
> counsel where counsel failed to raise trial court's
> failure to comply with § 2923.03(E).
>
> GROUND FOUR: Insufficient evidence to sustain a
> conviction 2923.03(E)(Id.).

Petitioner also requested an abeyance of his habeas corpus

proceedings to allow him to pursue in state court a motion to leave

for new trial based on "newly discovered evidence" which,

Petitioner claims establishes his actual innocence (doc. 17).

On June 6, 2008, the Magistrate Judge issued a Report and

Recommendation, recommending that the petition be dismissed with

prejudice, and Petitioner's motion for abeyance be denied (doc.

18).  First, the Magistrate Judge examined the factual and

procedural background, as well as the relevant case law, and determined that each of Petitioner's grounds for relief had procedurally defaulted and was therefore waived (Id.).  In regards to Grounds One, Two, and Three as they relate to Petitioner's claims of ineffective assistance of appellate counsel, the Magistrate Judge found that "by not properly appealing the denial of his Rule 26(B) motion to the Supreme Court of Ohio, petitioner committed a procedural default of his ineffective assistance of appellate counsel claim" (Id.).  The Magistrate Judge found that Petitioner further defaulted on these claims when he failed to timely file a discretionary appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' denial of his direct appeal and failed to show sufficient cause for his delayed appeal (Id.).

The Magistrate Judge next found that Petitioner's ineffective assistance of trial counsel claim in Ground One was procedurally defaulted because it was not raised on direct appeal to the Ohio Court of Appeals, and that his sufficiency of the evidence claim in Ground Four was procedurally defaulted by Petitioner's failure to timely appeal to the Supreme Court of Ohio (Id.).  The Magistrate Judge further found that Petitioner has not presented any viable explanation as to a "cause" for his procedural default (Id.).

Likewise, the Magistrate Judge found that Petitioner has not shown that if his claims are not considered on the merits a

fundamental miscarriage of justice will occur(Id., citing Murray, 477 U.S. at 495-96).  The Magistrate Judge noted that "[t]he actual innocence rule barring review of procedurally defaulted claims is premised on new, reliable evidence that was not available to the petitioner at trial" (Id., citing Schlup v. Delo, 513 U.S. 298, 327 (1995)).  Considering Petitioner's newly discovered evidence, an affidavit from a fellow inmate, Steven K. Wilson, indicating that Petitioner was not involved in the hiding of the weapon, the Magistrate Judge found that Petitioner failed to establish reliable evidence of his actual innocence (Id.).  First, the Magistrate Judge noted that the trial judge to whom the case was presented did not rely on evidence of where the gun was hidden in determining was guilty beyond a reasonable doubt (Id.).  Second, after thoroughly reviewing the evidence presented at trial, the Magistrate Judge found that "[t]aking the evidence as a whole, including the 'newly discovered evidence' presented by petitioner, the Court does not find it is more likely than not that no reasonable juror would have convicted petitioner of aiding and abetting [his co-defendant]" (Id.).  Thus, the Magistrate Judge concluded that Petitioner had failed to establish a credible claim of actual innocence to permit federal court review of his procedurally defaulted claims.

Petitioner objects to the Magistrate's Report and Recommendation, asserting first that the Magistrate Judge should not have ruled on his habeas petition because he requested an

abeyance on February 15, 2008 (doc. 23).  Petitioner next objects to the Magistrate Judge's conclusion that Petitioner has failed to establish a credible claim of actual innocence, claiming the affidavit of Mr. Wilson explicitly establishes Petitioner as a non-participant (Id.).  Finally, Petitioner reiterates the grounds for relief in his habeas petition (Id.).

The Court finds Petitioner's objections without merit. First, Petitioner's motion for abeyance was not considered by the Court prior to the Magistrate Judge's Report and Recommendation, and therefore was not an impediment to ruling on Petitioner's habeas petition.  Second, Petitioner presented no argument disputing the Magistrate Judge's conclusion that his grounds for relief in the amended petition were waived due to procedural default.  The Court finds the Magistrate Judge's finding of procedural default to be well-reasoned and correct.  As the Magistrate Judge noted, the Supreme Court held that a barred claim may only be considered if a petitioner:

> [P]resents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error...

Schlup, 513 U.S. at 316.  To establish a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence...that was not presented at trial." Id. at 324.  The Court agrees with the Magistrate Judge that the affidavits presented by Petitioner do not

prove Petitioner is actually innocent, particularly because the trial judge did not rely on evidence of where the gun was hidden in determining that Petitioner was guilty beyond a reasonable doubt of complicity to commit aggravated robbery and murder.

Having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 18), and thus DENIES Petitioner's Motion for Abeyance (doc. 17), DENIES Petitioner's Amended Petition for Writ of Habeas Corpus (doc. 7), and DISMISSES this case from its docket.  Further, the Court DECLINES to issue a certificate of appealability because under the two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the Slack standard. Finally, pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES that any appeal of this Order will not be taken in good faith, and any application to appeal in forma pauperis will be denied.


        SO ORDERED.


Dated: September 24, 2008      /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge